UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-10219 AB (AFMx) | Date: | December 9, 2020 |
|---|---|---|---|

| Title: | *Dream Investment Group, LLC et al v. Wells Fargo, National Association, et al* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO DISMISS

Before the Court is Plaintiffs Plaintiffs Dream Investment Group, LLC and Edwin Novel's ("Plaintiffs") Motion for Remand (Dkt. No. 10) and Defendant Wells Fargo, National Association's ("Defendant") Motion to Dismiss (Dkt. No. 11). Oppositions and replies were filed as to both Motions. The Court will resolve the Motions without oral argument and therefore VACATES the hearing set for December 11, 2020. See Fed. R. Civ. P. 78, Local Rule 7-15. The Motion for Remand is **DENIED** and the Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND

Plaintiffs' Complaint, filed in state court, purports to assert the following four claims: " 1. Promissory Fraud    2. Violations of Business & Professional Code § 17200    3. Breach of Good Faith and Fair Dealings    4. Declaratory Relief." *See* Compl. (Dkt. No 1-1), p. 1. Defendant removed the action based on diversity jurisdiction.

Plaintiffs now move to remand the action on the ground that Defendant has not established that the amount in controversy is satisfied. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. Plaintiffs' Motion for Remand is <u>DENIED</u>.

The Court first addresses the Motion for Remand, as it raises the threshold question of jurisdiction.

#### 1. Legal Standard

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.")

For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1).

#### 2. The Amount in Controversy is Satisfied.

Plaintiffs do not deny that there is complete diversity of citizenship; they challenge only whether Defendant has established that the amount in controversy is satisfied. Simply stated, for the reasons Defendant sets forth in its opposition, the amount in controversy is satisfied.

Plaintiffs' Complaint challenges Defendant's right to sell Plaintiffs' real property Promissory Note, and Defendant's denial of a loan modification they allege they were seeking. *See* Compl. ¶¶ 3-5, 15-23. Plantiffs contend that

Defendant may not sell the Note, that "the subject property is still his," and "Plaintiffs desire a judicial determination of their status and the subject property's current ownership." Compl. ¶¶ 57-58.

" 'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' " *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir.2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *see also Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale); *Woodside v. Ciceroni,* 93 F. 1, 4 (9th Cir.1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."). Here, the subject property is valued at over than $ 4 million, *see* Settles Decl. (Dkt. No. 18) Ex. 1, and Plaintiffs allege that the Note that they seek to block Defendant from selling is for $1.8 million. Comp. ¶¶ 15, 57. Accordingly, whether the object of the litigation is the Property or the Note, the amount in controversy is satisfied. Plaintiffs' Motion for Remand is **DENIED**.

### B. Defendant's Motion to Dismiss for Failure to State a Claim is <u>GRANTED</u>.

#### 1. Legal Standard

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels,

conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689–90.

### 2. The Complaint Does Not State Facts Sufficient to Plausibly Establish Any Claim.

Defendant contends that the Complaint's allegations of its conduct do not amount to any actionable claim. The Court has reviewed the Complaint and the memoranda, and agrees.

Plaintiffs allege that Defendant was "wrongful" in how it negotiated regarding a loan modification or workout (Compl. ¶¶ 4, 23); that Defendant denied a loan forbearance seemingly in violation of unspecified state and federal laws (*id.* ¶ 5); that Defendant cancelled credit cards and deactivated auto-payments on a mortgage (*id.* ¶20); that Defendant rejected "any arrangement put forward to it" (*id.* ¶ 32); and that Defendant fraudulently made "numerous promises regarding Plaintiff's mortgage loan" that it broke (*id.* ¶ 30). The Complaint fails to tie these characterizations of Defendant's conduct to specific actions, to specific terms of any agreement between Plaintiffs and Defendants, or to any state or federal law concerning mortgage modifications that Plaintiffs suggest Defendant violated. The

allegations are vague and conclusory, and lacking in facts, so the Complaint fails to state a claim. Furthermore, the Complaint fails to plead the claims that sound in fraud—the claim for promissory fraud and at least part of the § 17200 claim—with the particularity required to satisfy Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") For *at least* the above reasons, the Motion to Dismiss is meritorious and is **GRANTED** on that basis.

The Motion is also granted as unopposed. Although Plaintiffs filed an opposition, they present inapt, outmoded, and mostly out-of-circuit statements of the legal standard; state without any legal argument that they satisfy it; and ask for leave to amend should the Court disagree. By failing to substantively address any of Defendant's legal arguments, Plaintiffs' opposition is tantamount to no opposition on the merits. The Court therefore also **GRANTS** the Motion as unopposed and therefore consented to, pursuant to Local Rule 7-12.

As indicated below, the Court is granting leave to amend. If Plaintiffs choose to amend their complaint, they should consider and cure all of the putative defects Defendants point out, not just those referenced in this order.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand (Dkt. No. 10) is **<u>DENIED</u>** and Defendant's Motion to Dismiss (Dkt. No. 11) is **<u>GRANTED</u>**.

Plaintiffs may amend their complaint within 21 days of the issuance of this Order. If they fail to do so, this action will be deemed dismissed with prejudice without further notice.

**IT IS SO ORDERED**.